United States District Court
Southern District of Texas

**ENTERED**

July 21, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN BRADY (SPN # 02033321), Plaintiff, | § § § § § | CIVIL ACTION NUMBER 4:25-cv-03137 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| OFFICER MARQUEZ, *et al*, Defendants. | § § | |

**OPINION AND ORDER ON DISMISSAL**

The complaint by Plaintiff Kevin Brady is dismissed as frivolous and for failing to state a claim upon which relief can be granted. Dkt 1.

1. Background

Plaintiff is a former inmate of the Harris County Jail. He proceeds here *pro se* and *in forma pauperis*.

While he was detained, he filed this action under 42 USC §1983, alleging civil-rights violations during the events culminating in his state-court criminal proceedings. Dkt 1. He sues Officer Marquez of the Houston Police Department, Gabriel Galindo Olvera, Alejandro Galindo Olvera, Margarito Galindo, and the Harris County District Attorney. Id at 3.

The complaint alleges that the Olveras and Galindo attacked and assaulted Plaintiff as he was getting into his truck on April 18, 2025. Id at 4. They pulled him from his truck, hit him on the head with a hammer, tore his clothes, and stabbed him. Ibid. Officer Marquez responded to the scene, but he refused to listen to Plaintiff's side of the story. Ibid. Instead, while Plaintiff was being treated for his injuries in the emergency room, Marquez arrested him for assaulting the Olveras and Galindo based on false reports

they made at the scene. Id at 3–4. Marquez then filed a false police report about the incident, relying on the statements from the Olveras and Galindo. Id at 4.

The District Attorney in turn relied on the false report by Marquez and charged Plaintiff with aggravated assault with a deadly weapon. Id at 3–4. He alleges that the false charge was filed against him in retaliation for a prior lawsuit he brought against a Harris County Sheriff's task force. Id at 3.

Plaintiff alleges that Marquez violated the First Amendment by refusing to listen to his side of the story and the Fourth Amendment by arresting him without probable cause. Ibid. He alleges that the Olveras and Galindo violated his rights by making false allegations against him. Ibid. And he alleges that the District Attorney wrongfully brought the charge against him based on the false report to punish him for his past acts. Ibid. Plaintiff seeks dismissal of the criminal charge against him and an award of money damages. Id at 4.

### 2.   Legal standard

Plaintiff's complaint is construed liberally because he proceeds *pro se. Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007, *per curiam*).

Plaintiff also proceeds *in forma pauperis.* As such, he is subject to the strictures of 28 USC §1915. Subsection (e)(2)(B)(i) commands that the district court "shall dismiss the case at any time" upon determination that it is "frivolous or malicious." A complaint is *frivolous* if it lacks an arguable basis in law or fact. See *Denton v Hernandez,* 504 US 25, 31 (1992), quoting *Neitzke v Williams*, 490 US 319, 325 (1989). A complaint lacks *an arguable basis in law* in this context "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v Hightower,* 112 F3d 191, 193 (5th Cir 1997). A complaint lacks *an arguable basis in fact* in this context "if, after providing the plaintiff the opportunity to present

additional facts when necessary, the facts alleged are clearly baseless." *Rogers v Boatright*, 709 F3d 403, 407 (5th Cir 2013), quoting *Berry v Brady*, 192 F3d 504, 507 (5th Cir 1999). An action is *malicious* in this context if it contains only allegations that the litigant knows are false. *Horsey v Asher*, 741 F2d 209, 212 (8th Cir 1984); see also *Sloan v Thaler*, 1994 WL 652618, *1–2 (5th Cir) (affirming dismissal of claims as frivolous and malicious when claims were factually baseless).

A complaint must also be dismissed if it fails to state a claim upon which relief can be granted. 28 USC §1915(e)(2)(B)(ii). A claim *fails to state a claim upon which relief can be granted* if it doesn't contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F3d at 407, quoting *Ashcroft v Iqbal*, 556 US 662, 678 (2009). In reviewing the complaint, all allegations are construed "liberally in favor of the plaintiff," all facts pleaded in the complaint are taken as true, and the court then considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v State Farm Fire and Casualty Co*, 563 F3d 141, 147 (5th Cir 2009), quoting *Gregson v Zurich American Insurance Co*, 322 F3d 883, 885 (5th Cir 2003) (cleaned up). If it doesn't, the complaint must be dismissed, even before service on the defendants. See *Green v McKaskle*, 788 F2d 1116, 1119 (5th Cir 1986).

### 3. Discussion

#### a. Claims against the District Attorney

Plaintiff sues the Harris County District Attorney for accepting an allegedly false police report and prosecuting him based on that report. Dkt 1 at 3.

Prosecutors have absolute immunity from claims for damages when performing their duties as prosecutors. *Loupe v O'Bannon*, 824 F3d 534, 539 (5th Cir 2016). Such immunity extends to all activities "intimately associated with the judicial phase of the criminal process." *Van de Kamp v Goldstein*, 555 US 335, 342–43 (2009), quoting

3

*Imbler v Pachtman*, 424 US 409, 430 (1976). It thus applies to a prosecutor's decisions to initiate a prosecution and while handling the case throughout the judicial process. *Loupe*, 824 F3d at 539 (cleaned up): "A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as 'advocate for the state' in the courts, or when her conduct is 'intimately associated with the judicial phase of the criminal process.'"

Plaintiff's claim against the District Attorney seeks damages for the allegedly improper initiation of criminal charges against him. That decision was made in the District Attorney's role in representing the government. Absolute immunity thus precludes this claim.

The claim by Plaintiff against the District Attorney will be dismissed as seeking monetary relief against a defendant immune from such relief. See 28 USC §1915(e)(2)(B)(iii).

b. Claims against the Olveras and Galindo

Plaintiff seeks damages from the Olveras and Galindo based on their allegedly false report to Marquez.

To state a valid claim under § 1983, a plaintiff must (i) allege a violation of rights secured by the Constitution or laws of the United States, and (ii) demonstrate that the alleged violation was committed by a person acting under color of state law. *West v Atkins,* 487 US 42, 48 (1988); *Gomez v Galman*, 18 F4th 769, 775 (5th Cir 2021, *per curiam*). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§]1983 must show deprivation of a federal right." *Nesmith v Taylor,* 715 F2d 194, 195 (5th Cir 1983, *per curiam*). The second element means that generally only state actors—not private parties—can be liable for violations of civil rights. *Frazier v Board of Trustees of Northwest Mississippi Regional Medical Center*, 765 F2d 1278, 1283 (5th Cir 1985). For a private citizen to be liable under §1983, there must be allegations showing that the citizen conspired with or acted in concert with a state actor. *Mylett v Jeane*, 879 F2d 1272, 1275 (5th Cir 1989,

4

*per curiam*), citing *Adickes v S H Kress & Company*, 398 US 144, 152 (1970); see also *Priester v Lowndes County*, 354 F3d 414, 420 (5th Cir 2004). When the facts alleged by the plaintiff, taken as true, don't show a violation of a federal or constitutional right by a state actor, the complaint must be dismissed for failure to state a claim. *See Rios v City of Del Rio, Texas,* 444 F3d 417, 421 (5th Cir 2006).

Perhaps Plaintiff has a claim against the Olveras and Galindo under Texas state law. But they aren't alleged to be either state actors or persons acting in concert with a state actor. Absent such allegations, Plaintiff fails to state a claim against them under §1983.

The claims by Plaintiff against the Olveras and Galindo will be dismissed for failing to state a claim upon which relief can be granted.

### c.    Claims against Officer Marquez

Plaintiff sues Officer Marquez based on allegations that he violated his rights under the First and Fourth Amendment.

*As to the First Amendment claim,* it isn't clear whether Plaintiff is claiming that Marquez violated his rights by refusing to accept his version of the events or that Marquez retaliated against him for voicing his version of events. Either way, he fails to state a claim upon which relief can be granted.

If it's a refusal-to-listen claim, it is true that the First Amendment protects a speaker's right to speak and a listener's right to receive information. See *Board of Education, Island Trees Union Free School District Number 26 v Pico*, 457 US 853, 867 (1982, plurality opinion); see also *Association of American Physicians and Surgeons Educational Foundation v American Board of Internal Medicine*, 103 F4th 383, 390 (5th Cir 2024). But it doesn't require the listener to listen, respond, or accept what the speaker is saying as true. See *Smith v Arkansas State Highway Employees, Local 1315*, 441 US 463, 466 (1979, *per curiam*) (holding that no First Amendment claim

arises when challenged conduct is simply to ignore speaker). Plaintiff doesn't state a First Amendment claim based on allegations that Marquez refused to listen to him.

If it's a retaliation claim, it requires the plaintiff to show that (i) he was engaged in constitutionally protected activity, (ii) the officer's actions were such that they would chill a person of ordinary firmness from continuing to engage in that activity, and (iii) the officer's actions were substantially motivated by an opposition to plaintiff's constitutionally protected conduct. *Alexander v City of Round Rock*, 854 F3d 298, 308 (5th Cir 2017). Plaintiff alleges no facts showing that Marquez arrested him because he was exercising his right to speak.

For both reasons, the claim by Plaintiff for a First Amendment violation by Officer Marquez will be dismissed for failing to state a claim upon which relief can be granted.

*As to the Fourth Amendment claim,* Plaintiff runs afoul of the rule that when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," he must first "demonstrate that the conviction or sentence has already been invalidated." *Heck v Humphrey*, 512 US 477, 486–87 (1994). A claim alleging that an arrest was unsupported by probable cause attacks the validity of any conviction stemming from it because the conviction itself necessarily implies that there was probable cause for the arrest. See *Wells v Bonner*, 45 F3d 90, 95 (5th Cir 1995); *Walter v Horseshoe Entertainment*, 483 F Appx 884, 887 (5th Cir 2012, *per curiam*). As such, a plaintiff making such a claim must demonstrate that any charge stemming from that arrest has been terminated in his favor. *Wells*, 45 F3d at 95.

Public records show that Plaintiff was convicted upon pleading guilty to aggravated assault with a deadly weapon as a result of the incident with the Olveras and Galindo and later sentenced to four years' incarceration. Harris County District Clerk, www.hcdistrictclerk.com. Such conviction and sentence necessarily implies that probable cause existed for his arrest. And his claim as to an arrest without probable cause necessarily calls into

6

question the validity of that conviction, which hasn't yet been invalidated or otherwise set aside. His claim based on the allegedly false arrest is therefore barred by *Heck*.

The Fifth Circuit states, "A §1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v Lyons*, 74 F3d 99, 102 (5th Cir 1996). Fifth Circuit authority is likewise clear as to the result. "Because [the plaintiff] is seeking damages pursuant to §1983 for unconstitutional imprisonment and has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery and fails to state a claim upon which relief may be granted." *Randell v Johnson*, 227 F3d 300, 301 (5th Cir 2000, *per curiam*).

The claim by Plaintiff for damages from Officer Marquez under the Fourth Amendment is dismissed with prejudice. But such claim is subject to potential reassertion at a later time if the *Heck* conditions are satisfied. See *Johnson v. McElveen*, 101 F3d 423, 424 (5th Cir 1996, *per curiam*).

### d. Claim for injunctive relief

Plaintiff also seeks an order dismissing the criminal charge arising from the incident in addition to his claims for damages.

As explained above, Plaintiff doesn't state a claim against any of the defendants upon which relief can be granted, whether for damages or injunctive relief. And any claim challenging the validity of the criminal charges is barred by *Heck*, including claims seeking injunctive relief. See *Chambers v Carson*, 2025 WL 2433521, \*2 (ND Tex), citing *Edwards v Balisok*, 520 US 641, 648 (1997) (applying *Heck* to claims for declaratory relief), and *Clarke v Stadler*, 154 F3d 186, 190–91 (5th Cir 1988, *en banc*) (applying *Heck* to claims for injunctive relief).

The claim by Plaintiff for dismissal of his state-court criminal charge is dismissed with prejudice. But such claim

is subject to potential reassertion at a later time if the *Heck* conditions are satisfied. See *Johnson*, 101 F3d at 424.

4. Conclusion

The complaint by Plaintiff Kevin Brady is DISMISSED WITH PREJUDICE as frivolous, for seeking relief against defendants who are immune, and for failing to state a claim upon which relief can be granted.

All pending motions are DENIED AS MOOT.

A final judgment will enter separately.

This dismissal counts as a STRIKE under 28 USC §1915(g).

The Clerk of Court must SEND a copy of this Order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on ____July 21, 2026____, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge